# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1778 | **DATE** | 7/1/2002 |
| **CASE TITLE** | USA vs. EDDIE RICHARDSON   94 CR 187-1 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, defendant's *Apprendi* claim is dismissed with prejudice as untimely. This case is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 02 2002 | 29 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/1/2002 | |
| JS | courtroom deputy's initials | date mailed notice JS | |
| | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) 01 C 1778
)
EDDIE RICHARDSON )
)

DOCKETED
JUL 0 2 2002

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

This case comes on remand from the United States Court of Appeals for the Seventh Circuit. Petitioner Eddie Richardson ("Richardson") originally filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 with this court. In his petition, Richardson raised two claims. Richardson's first claim was that he was "resentenced" by this court *in absentia* after the United States Supreme Court ruled on his case in Richardson v. U.S., 526 U.S. 813, 119 S.Ct. 1707 (1999). Richardson's second claim raised a violation under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). This court denied Richardson's entire petition as untimely. The Seventh Circuit held that Richardson's "resentencing" claim was untimely, but vacated this court's judgment as to Richardson's Apprendi claim. The Seventh Circuit held that Richardson's Apprendi claim was not untimely since "the statute of limitations of an *Apprendi* claim does not begin until this court announces its retroactive application to cases on collateral review." Eddie Richardson v. USA, No. 01-3837, Order at 2 (7th Cir. April 30, 2002). The Seventh Circuit granted a certificate of appealability and remanded the matter "for a determination whether *Apprendi* can be applied retroactively under *Teague v. Lane*, 489 U.S. 288 (1989)." Id. After a review of relevant case law, this court believes that Apprendi cannot be applied retroactively under Teague v. Lane, 489 U.S. 288 (1989).



## ANALYSIS

Richardson's petition is governed by 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Paragraph 6 of § 2255 provides:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As the Seventh Circuit's has indicated, the question of whether Richardson's Apprendi claim is timely court comes under ¶6(3). Under ¶6(3), an initial petition raising an Apprendi claim may be filed within a year of the decision that makes Apprendi "retroactively applicable to cases on collateral review[.]" See Ashley v. U.S., 266 F.3d 671, 673 (7th Cir. 2001). The Seventh Circuit, however, has not decided whether Apprendi applies retroactively on collateral review, 266 F.3d at 674, but the Seventh Circuit has held that a district court may determine whether such a rule, like Apprendi, applies retroactively on collateral review. Id. Accordingly, the timeliness of Richardson's petition under § 2255 ¶ 6(3) depends solely on this court's resolution of the retroactivity question.[1]

The retroactivity of new rules of criminal procedure is governed by Teague v. Lane, 489 U.S. 288 (1989). Although the Seventh Circuit has not decided whether Apprendi applies retroactively on

---

[1] The Seventh Circuit has already held that Richardson's Apprendi claim had not been procedurally defaulted. See Eddie Richardson v. USA, No. 01-3837, Order at 2 (7th Cir. April 30, 2002).

2

collateral review under Teague, four other courts of appeals have held that it does not. McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir.2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir.2001); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); Jones v. Smith, 231 F.3d 1227 (9th Cir. 2000). No court of appeals has held Apprendi retroactive on collateral attack and the Seventh Circuit has already expressed its doubts that is does. See U.S. v. Smith, 241 F.3d 546, 549 (7th Cir. 2001)(explaining that it is by no means clear that Apprendi applies retroactively under Teague since few constitutional arguments apply retroactively on collateral attack.).[2]

In Teague, the Supreme Court established a three-step inquiry to determine when new rules of criminal procedure apply retroactively on collateral review. See 489 U.S. at 288, 109 S.Ct. 1060. First, a court must determine the date on which the defendant's conviction became final. See O'Dell v. Netherland, 521 U.S. 151, 156-57, 117 S.Ct. 1969 (1997) (citing Lambrix v. Singletary, 520 U.S. 518, 527, 117 S.Ct. 1517 (1997)). Second, a court must decide whether the Supreme Court's ruling indeed constitutes a "new rule" of constitutional criminal procedure. Third, if the rule is new, then a court must decided whether the new rule falls within two narrow exceptions. See O'Dell, 521 U.S. 151, 156-157, 117 S.Ct. 1969.

First, Richardson's conviction became final on May 23, 1995. Second, the rule announced in Apprendi does constitute a procedural rule, as opposed to a substantive rule, because the Apprendi rule dictates what fact-finding procedure must be employed to ensure a fair trial. Teague, 489 U.S. at 312,

---

[2]In addition, each judge in this district who have had the opportunity to considered this question have also held that Apprendi is not retroactive. See Mills v. U.S., 2002 WL 424635, *3-7 (N.D.Ill. 2002)(Aspen, C.J.); U.S. v. Scurlock, 2001 WL 1729990, *2 (N.D.Ill. 2001)(Zagel, J.); Hampton v. Leibach, 2001 WL 1518533, at * 24-25 (N.D.Ill.2001)(Kennelly, J.); United States v. Barnett, 2001 WL 1519421, at * 1-6 (N.D.Ill.2001)(Lindberg, J.).

109 S.Ct. 1060; Apprendi, 120 S.Ct. at 2354 ("The substantive basis for New Jersey's enhancement is thus not at issue; the adequacy of New Jersey's procedure is."). Additionally, the procedural rule set out in Apprendi is definitely a "new" rule because in 1995, when Richardson's conviction became final, a reasonable jurist would not have felt compelled to adopt a rule by which any factor which increases the maximum punishment for an offense must be found by a jury beyond a reasonable doubt. See O'Dell, 521 U.S. at 156-57, 117 S.Ct. 1969; see also Ashley v. U.S., 266 F.3d 671, 672 (7th Cir. 2001)("No one could doubt that Apprendi 'newly' or 'initially' recognizes a constitutional right."). Third, since the procedural rule set out in Apprendi is indeed "new", the final step in the Teague analysis requires this court to determine whether the rule falls within one of the two narrow exceptions to the Teague doctrine. See O'Dell, 521 U.S. at 156-57, 117 S.Ct. 1969.

Teague's first limited exception allows new rules that forbid "criminal punishment of certain primary conduct," and new rules that prohibit "a certain category of punishment for a class of defendants because of their status or offense" to be applied retroactively. See O'Dell, 521 U.S. at 157, 117 S.Ct. 1969. Teague's second limited exception allows new rules that seriously diminish the likelihood of an inaccurate conviction to be applied retroactively. Teague, 489 U.S. at 313, 109 S.Ct. 1060. In this case, the first exception clearly does not apply because Apprendi did not place drug violations beyond the scope of the federal government's authority to proscribe. As a result, for Apprendi to apply retroactively to Richardson's petition, the new procedural rule announced in Apprendi must fall under Teague's second exception.

Under the second exception, there can be no doubt that Apprendi seriously diminishes the likelihood of an inaccurate conviction. How much Apprendi seriously diminishes this likelihood is debatable, compare Moss, 252 F.3d at 999 ("[I]t seems arguable whether Apprendi increases the

4

reliability of the guilt-innocence determination at all because the rule does not protect the innocent from conviction, it instead limits the sentencing exposure of those who have been validly convicted.") with Mills, 2002 WL 424635 at *4 (arguing that by increasing the burden of proof, Apprendi does indeed 'protect the innocent from conviction' and diminish the likelihood of inaccurate convictions because the defendant, while guilty of the lesser offense, is innocent of the greater offense carrying a greater sentence), however, a determination of the degree by which Apprendi seriously diminishes inaccuracy is beyond that which is required under the second exception of Teague. Furthermore, although a finding that Apprendi does seriously diminishing the likelihood of inaccurate convictions is necessary for a new rule to be applied retroactively, simply diminishing the inaccuracy of convictions alone is not sufficient. Rather, a "rule that qualifies under this [second] exception must not only improve accuracy, but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Sawyer v. Smith, 497 U.S. 227, 242, 110 S.Ct. 2822 (1990) (internal quotations omitted). In other words, the second exception should be reserved for watershed rules of criminal procedure. Teague, 489 U.S. at 311.

The question of whether the rule announced in Apprendi constitutes a new watershed rule of criminal procedure is one that gives this court pause. On first impression, this court is inclined to hold that the Supreme Court in Apprendi announced a watershed rule. Although Apprendi merely applies to a limited number of criminal defendants who are susceptible to harsher punishment because certain aggravating factors present in their particular case operate as 'the functional equivalent of an element of a greater offense.' Apprendi, 530 U. S. at 494, n. 19. For that group of criminal defendants the rule announced in the Apprendi holding is a watershed rule because those defendants now enjoy the constitutional right to a jury determination on sentencing-enhancing factors based on proof beyond a

reasonable doubt. As such, for that group of criminal defendants, the rule announced in Apprendi strengthens the proscription against deprivation of liberty without due process of law, and in some cases literally means the difference between life and death. See e.g., Ring v. Arizona, --- S.Ct. ----, 2002 WL 1357257 (U.S. Jun 24, 2002)(Ginsberg, J.)(holding that Arizona's capital sentencing scheme violates the Sixth Amendment's jury trial guarantee by entrusting a judge to find aggravating circumstances necessary for the imposition of the death penalty); see generally, Moss, 252 F.3d at 1004 (Arnold, J dissenting)(arguing that Apprendi recognizes bedrock procedures that are implicit in the concept of ordered liberty). In light of the magnitude by which Apprendi affects those who come under its protection, this court is slow to declare that Apprendi is not a rule that marks a dramatic change in this country's criminal justice system simply because the rule announce in Apprendi is not as broad as some reasonable jurists think it should. See e.g., U.S. v. Sanders, 247 F.3d 139,150 (4th Cir. 2001)(finding that Apprendi is not a watershed decision in part because in comparing the principle announced in Apprendi with the paradigmatic watershed principle announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963) the latter, which established an affirmative right to counsel in all felony cases, was remarkable in part because of its sweeping breadth).

Despite its breadth or magnitude, however, this court holds, nonetheless, that the rule announced in Apprendi is not a watershed determination because an Apprendi violation has not been held to be structural error requiring per se reversal. A structural error is an error which "deprive[s] defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair." Neder v. United States, 527 U.S. 1, 8-9, 119 S.Ct. 1827 (1999) (internal quotations omitted). Although the Supreme Court has had no occasion to equate a watershed rule with structural error, this

court agrees with the Fourth Circuit in its explanation that "finding something to be a structural error would seem to be a necessary predicate for a new rule to apply retroactively under Teague." 247 F.3d at 150-51. Accord Moss, 252 F.3d at 1000-1001; McCoy, 266 F.3d at 1249-52.

Moreover, a significant number of federal circuit courts, including the Seventh Circuit, have subjected Apprendi claims to harmless and plain error review. See, e.g., United States v. Nance, 236 F.3d 820, 823-24 (7th Cir.2000); United States v. Terry, 240 F.3d 65, 74-75 (1st Cir.2001); United States v. White, 240 F.3d 127 (2d Cir.2001); United States v. Lewis, 235 F.3d 215, 218 (4th Cir.2000); United States v. Meshack, 225 F.3d 556, 575 (5th Cir.2000); United States v. Candelario, 240 F.3d 1300 (11th Cir.2001). Accordingly, this court believes that subjecting Apprendi claims to harmless and plain error review is a clear indication that it is possible for a criminal defendant to have a fair and accurate trial without the new procedural protection offered by Apprendi. As the Eighth Circuit explains in comparing a watershed exception to a structural error, the watershed exception is a habeas principle and carries with it the Supreme Court's precept that final convictions should be preserved. Moss, 252 F.3d 993, 1001 (8th Cir. 2001). Structural error, in contrast, essentially permits a defendant to raise an argument on appeal that was not raised during the trial. Id. Thus, it is logical that a watershed rule must be more "fundamental" than a structural error. Id. As a result, it is also logical that since an Apprendi violation has not be held to be structural error, the rule announced in Apprendi cannot fall within Teague's exception for watershed rules.

## CONCLUSION

For all the above stated reasons, this court holds that the rule set out in <u>Apprendi</u> does not apply retroactively on collateral review under <u>Teague</u>. Accordingly, Richardson's <u>Apprendi</u> claim is dismissed with prejudice as untimely. This case is dismissed in its entirety. All other pending motions are moot.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: July 1, 2002